May it please the Court, I am Peter Dinello of Heller-Urman, representing Appellant State Farm, and with me is Mike Dion. We are here seeking a reversal of the District Court's order certifying the class. I would like to reserve five minutes for rebuttal. Unless there are specific points you would like me to address, I will focus on the following three issues. First, whether the superiority and predominance requirements of Rule 23b-3 have been met. Second, whether Rule 23b-2 is an alternative ground for upholding the certification decision. And third, whether Ms. Lierboe satisfies the adequacy and typicality tests of Rule 23a. Turning to the first issue, the District Court certified this class under Rule 23b-3 and only under 23b-3. 23b-3 certification is appropriate only if plaintiff meets her burden of showing that common questions predominate over individual questions and that a class action is superior to other available means for resolving the controversy. As this Court said in Zinsser v. Acufix two years ago, in an opinion by Judge Gould, the Rule focuses on judicial economy and efficiency. The Court there quoted with approval the Wright and Miller Treatise. If the main issues in the case require the separate adjudication of each class member's individual claim or defense, a Rule 23b-3 action would be inappropriate. Moreover, when individual rather than common issues predominate, the economy and efficiency of class action treatment are lost and the need for judicial supervision and the risk of confusion are magnified. It simply is not enough that common issues exist. They must predominate. Turning again to Zinsser, the Court said, Certainly there may be common issues in this case, but to determine causation and damages for each of the three claims asserted here, it is inescapable that many tribal individualized issues may be presented. Now I'd like to apply these well-accepted principles to our case. With respect to common issues, the main one, the right to stack insurance coverage from separate policies was decided by the Montana Supreme Court in Ruckdaschel in 1997. Some disputes have arisen over the extent and contours of that right, legal disputes, but the district court here certified those questions to the Montana Supreme Court. Okay. Here's a question for you, Mr. Tonello. You probably thought about this, so I'm sure I'll get a good answer. If the district court certified those questions in this case, aren't they still going to be decided in this case? I mean, they'll be decided by the district court, but the district court will adopt the Montana Supreme Court's certified answers. But still, the issues are in this case. I agree. They're not outside this case. So for purposes of commonality, don't we have to consider that issue, at least, that's been certified? I would agree with Your Honor that the Montana Supreme Court's decision will, of course, be applied by Judge Malloy in this case. But the point is that the primary common issue was decided in Ruckdaschel already in 1997. And to the extent that there are issues that remain as to the applicability of Ruckdaschel to individual cases, such as Ms. Learbow's case herself, we believe Ruckdaschel does not apply, and that's one of the issues pending before the Montana Supreme Court. That's still pending? Yes. It was argued last September. Why shouldn't we wait and let Montana, I know they take their own sweet time in doing this, but why not let them decide this question and then wrap up this whole case in one opinion rather than a piecemeal approach that would leave dangling out there some other little questions? Your Honor, I think that's certainly an available option. We do believe that it was error for the district court to certify a class without finding that Ms. Learbow was actually a member of that class. And that's one of the issues before the Montana Supreme Court. Does she present a stacking claim? We say no. The plaintiffs say yes. You see how she could be an adequate representative if she's not in the class. That is absolutely true. I thought there was pretty clear law about that. There is very clear law on that. And that's why we asked Judge Malloy to either decide our 12D6 motion on that issue or once he certified it to the Montana Supreme Court to wait until they rule. But in any event, we believe that that is one of the issues before this panel, and it would be appropriate for this panel to either reverse. We think the appropriate remedy is to reverse because you have to get the horse in the cart in the right order, and you have to decide that she is a member of the class before you can decide that she's an adequate representative. But we also think that there are issues under 23B3 that will remain for decision. They're right for decision now. And we believe that those are certainly appropriate grounds for this court to reverse the trial court's certification. One of the considerations in deciding on certifying a class is judicial economy. And some of the same arguments that advance the cause of judicial economy would be advanced by just waiting and let Montana take care of its own business. And then we can then we would know right away whether we need to do anything further with this case. Certainly, if the Montana Supreme Court rules in State Farm's favor, then Ms. Learboe would not be an adequate class representative. If the class certification had been upheld, then I guess the district court would have to decertify the class if Montana said she's not in it, unless someone could be substituted. But let me ask another question. Part of part of the difficulty here that and I understand my colleagues concern, but some of the difficulty of whether we need to reach this now arises from this unusual provision for interlocutory appeal. Right. This is a 23E case. 23F. 23F. And it seems like it's a new rule that's been set up so that there can be an appeal of a class certification in some, you know, in cases where it's permitted by the district court or rather sought by the party. But so so here we've got this case. And I guess, you know, we may have to decide whether it should have been certified on the record before the district court. I don't know if we can if we can hold it and wait for the Montana court to make our ruling, or even if that's going to be before us in the record before we rule. So but if we were to remand it to the district court for any further factual development, would the district court be advised to hold off until the Montana Supreme Court decided? In other words, I don't know if I'm being clear. Let's assume that we thought under the rule 23B3 commonality issues, the record was inadequate and the district court had to make some findings. What issues are common, what issues are not common and what what's predominant based on that? Would the district court just do that or would the district court have to wait for Montana? I think the district court recently answered that question, Your Honor. Judge Malloy very recently granted a stay in the district court pending the outcome of both the Montana Supreme Court decision and the Ninth Circuit decision. So he's already stayed the case in our decision and theirs. Yes. So that if we were to to make a ruling indicating that the class had to be the certification had to be reconsidered in light of any issues. But in addition, he should wait for the Montana Supreme Court. That's already the track that he's on is to wait for that. That's correct. Although the appellees would say we shouldn't require anything other than I'm sure. I did want to make one additional response to your question. Judge Goodwin on judicial efficiency and judicial efficiency suggest waiting or not doing anything until the Montana Supreme Court decides. There was recently filed in the trial court a motion to intervene by a few other class members. And that has not been ruled on because it's part of the it's subject to the state. Judge Malloy answered. So we do believe the best way to proceed in terms of judicial efficiency is for this panel to address the other issues that we've raised under 23, B3 and under 24, a the adequacy issue. So let's turn to those under 23. Firstly, you'd say 23 B2 isn't really in the case. It can't be used to justify what was done because the court didn't certify it under B2. Right. And the failure to certify by the court was not appealed. That's right. So and the court did that because it wasn't merely, as the court viewed it, incidental damage claims. It was more substantial damage claims. Yes. And that issue is not appealed. So the issue before us is primarily the B3 issues of common questions and superiority. That's correct. Right. Interrelated. So is it as to whether the common questions predominate? I guess I'll pose this question to you and to a counsel for a Pele as well. Why why shouldn't as I read the district court's opinion, the district court really didn't specify in any detail what issues were common and what issues were not common and then make a clear predominance assessment. The district court just kind of seemed to say, well, the issue of stacking is is the central issue and certified on that basis. But without ever identifying what issues were not common. Am I right in that? As I read him. Generally, you are right. He literally spent two sentences going through the predominance analysis required by this court and by Your Honor and Ginger and by Judge Goodwin in his shield case. And we do believe that's inadequate analysis. He doesn't do the weighing process that both Zinsser and Dalcon Shield require. And so for that reason alone, the twenty three B3 certification should be overturned. He did say, Judge Moyes said in his analysis of the B2 issue that even if he had gone and done as plaintiffs suggested and issued the kind of injunction, they suggested at the end of the day, you would still have individual fact finding. So even though he did that in his B2 analysis, he was acknowledging that individual issues would remain to be litigated for each class member. But what he does not do and what the case law requires him to do is balance those two. To say that someone's got an entitlement to more than one policy, that there's no anti stacking rule, they'd still have to prove that they had expenses, that they were caused by the accident, whatever. There'd be a number of things they'd have to prove. Exactly. Which you might be able to handle in a class action with some phased procedure, but I didn't see any real analysis of that by the district court. We agree, Your Honor. He did not do that. And we tried to show through our analysis of Ms. Learboe's claim as the only class representative and therefore who's representing to all of us that her claims are typical, that those issues you mentioned, issues of medical necessity, whether her injuries were caused by the accident, whether her bills were incurred within the three-year time frame covered by the policy, all of those are individual issues that need to be resolved in Ms. Learboe's individual case to determine if there is any breach of contract to her. That's in addition to the issue of whether she's in the class at all. And to the extent that the trial court ruled that the primary issue was the entitlement to stacking benefits, that, of course, has been resolved by Ruckdaschel. So that is not an issue before the Montana Supreme Court or before Judge Malloy at all. Ruckdaschel is the law of the state of Montana. Maybe the law, but the issue is still in the case for the parties. Yes. The application of Ruckdaschel. The rule's got to be applied in some common fashion to all the claimants. Right. And it has to be applied on an individual basis. Are you covered by Ruckdaschel? Did you have medical benefits that should have been paid? Was causation there and so forth? So for all those reasons, we believe that the 23B3 issue was not properly decided by the trial court, both as a matter of procedure in not going through the analysis required, the weighing analysis required in Zinsser and Alcon Shield, and as a matter of substance. When you dig down and bear down and do that analysis, it's clear to us that the common issues do not predominate, that this matter would quickly devolve into a long series of trials on these kind of issues. Let me ask about that. Is there a distinct analysis of superiority or is it all kind of pretty much the same issue as commonality? We think they're very related in this case because superiority, that requirement, cannot be satisfied if you have a case devolving into all these individual trials. Again, I think the Zinsser decision is instructive. Your Honor said there that if each class member has to litigate numerous and substantial separate issues to establish his or her right to recover individually, a class action is not superior. Judge Gould was quoting Judge Goodwin's opinion in Alcon Shield. We also think that to the extent there are legal issues that need to be addressed, they can be addressed adequately in single plaintiff litigation. You know, that's often done. Ruckdaschel itself was a single plaintiff case, not a class action. And once those issues are resolved by Montana, that takes care of them for everyone in the state. I see I'm dipping into my level. I'd like to make just one final point on the adequacy of class representation. We believe that Ms. Lebo's testimony established that she does not meet the adequacy requirement. The law today is quite clear that the class representative has to be willing to use her independent judgment as a check on the otherwise unfettered discretion of counsel. She can certainly rely on counsel's expertise, but she cannot completely surrender authority to her attorneys. I'd like to review very briefly some of the things Ms. Lebo said in her deposition. When the fact that this was a class action was mentioned in her deposition, her response was, and I'm quoting here, class action lawsuit, what does that got to do with this? Later she testified, I think it's just a private one for me, but I don't know. In response to a question about what she had done to vigorously prosecute the case, she said she had retained attorneys. That's about it. Once she figured out that the case actually was a class action and she's asked how she'd protect class members in the future, she said only that she would do whatever my attorneys tell me to do. If ever there was a case when the class representative had improperly surrendered her responsibilities to counsel, this is that case. It is inconceivable that someone can protect the class when she walks into her deposition not even knowing that there's a class to protect. We believe that's an independent ground in addition to the B-3 issue for overturning the decision. Thank you, Mr. Dinello. We will now hear from Mr. McGarvey. Welcome again to Seattle. Speak with your argument, please. My name is Alan McGarvey. I represent Christine Lerbo and a number of other members of the class who are not named in the complaint. Let me ask a question here. I mean, I must say that ordinarily I would not think there'd be much of an issue about the adequacy of representation under Rule 23A. And I don't put a whole lot of weight on someone saying they'll listen to their lawyer. But why is there just one class representative here for this class as opposed to more? And if she's not in the class, if the Montana Supreme Court says she's not in a stacking category here, then wouldn't the district court lose jurisdiction and the case would have to be dismissed? In other words, why are you proceeding with one claimant who's got a questionable claim in a purported class action on behalf of anybody who's got this stacking issue? The very fact that she has raised that issue of whether ruckdashel applies and has raised it for all who are similarly situated proves that she is typical of the class. She is vigorously litigating that question before the Montana Supreme Court now. Now, counsel has recharacterized that as a question of whether she belongs in the class or is a member of the class. But that's just jumping ahead to the merits. We could say that about any class representative. This class representative may fail ultimately on her claim or on one of the defense. The issue that was certified as to whether she's in the class. There were a couple of questions certified, but the ones that apply to whether she would remain or would prevail on the merits are, she was in an owned vehicle and State Farm contends that if you're in an owned vehicle, you don't have coverage that can be stacked. We contend that's just another way of making the same end around argument to defeat stacking, which is exactly what the Supreme Court said. Wouldn't there be people who had stacking and had claims about stacking who weren't didn't have that issue? There would be other members of the class that didn't share that issue. Why? How can she be an adequate representative of them when she's got this extra baggage? She could be viewed as having extra baggage or she could be viewed as the the claimant that raises all of the issues. But if she's raising all the issues and the Montana Supreme Court says she's not in this class, she has no claim. Your lawsuit is dead, as I understand the law, that you can't substitute someone if there was no jurisdiction, that there's no jurisdiction if the name plaintiff doesn't have a claim. Well, if if she doesn't have a claim, if she's if she's not in the class, if she can't present the class as a class action without a hit, without a representative. We would need a new class representative. And I'm saying I think the law stands. You wouldn't be able. That would be the end of it if the Montana Supreme Court said she doesn't have a claim. So I'm asking why you would be proceeding with just one representative. Well, I maybe I shouldn't have proceeded with one representative. And we have moved to intervene with additional representatives. But but the way that you phrase the question was, would the court have jurisdiction in addition to her claim as a class representative? She has individual claims and the Supreme Court's ruling will not write those out. So she wouldn't be gone from the case. There will be jurisdiction. So would she be able to serve as a class representative? This I think the whole problem is under Rule 23 F. We're jumping ahead. We should look at the record as the court construed it at the time. And Rule 23 gives the court broad discretion to to decertify, to change rulings, to add claimants. That's exactly what happened in the U.S. Supreme Court decision of Kremens v. Barkley in 1977 decision, where a group of 15 to 18 year olds as representatives of 11 to 18 year olds brought this action. Well, after the judgment, while on appeal, the law changed, which mooted the question of the class representatives. Well, the Supreme Court remanded it back saying the case still has to go forward. We need additional class representatives. And that would be the case here. How could she go into a deposition and not know that it was a class action and be an adequate representative? I understood she later changed her testimony that she came to an understanding. But if she didn't know at the start of her deposition that it was a class action, does that support the argument that is asserted by the insurance company that she's not adequate? It's troublesome that at that point in the deposition, she could not recall that the case was a class action or what that meant. But the record is very clear that she did understand that when the case was filed, and she did understand it during the course of the deposition. And throughout the time, she underscored her willingness to do what it was necessary to represent the absent members of the class. So it's really a matter of a claimant who read the complaint, and then it came time to the deposition many months later, and she was confused about what these various terms mean. Could you address commonality and superiority at some point? Yes, Your Honor. And I think that's where we need to begin. And as you analyze this question, I would caution the Court to look only at the class claim, because as I said, we also brought individual claims. The class claim and the prayer for class relief seeks two things. One, it seeks a declaratory ruling that there is insurance coverage. And two, that there is a declaratory ruling that State Farm's failure to make coverages available is bad faith. All of this question of medical expenses being reasonable, being medically necessary, are not anywhere in the complaint we have pled. But how could the case be decided? How could the class member's rights be adjudicated without those issues being decided? Let's say the district court just said, I rule that there can be no stacking, and it's a class action, and doesn't make any determinations about entitlement of particular people to damages. They're going to be barred by res judicata. I don't see how this case could proceed without those issues being decided. And whether I'm right or wrong in that, clearly the district court in his ruling said that he would have to decide those issues. I don't think that his order should be construed as saying that. And the reason is, it's just not in the complaint. This is a classic. He made some reference to a need to look at medical expenses, and how he tied that in was not clear to me. But the point is this. This, Your Honor, is a deck action. It's a determination of coverage, just like an insurance company brings deck actions all the time, where the question of how the claim will be evaluated is not before the court. How these claims should be evaluated is not raised by this case. It's a deck action to determine coverage. Now, State Farms says, no, wait a minute. You have to prove first that you have sufficient medical expenses before you can even trigger that coverage question. Well, isn't that correct, that if you don't have enough medical expense to get past policy one, you don't have an issue of stacking? Number one, it's not correct because you are entitled to get a declaratory ruling of what your coverage is in advance. More importantly, Your Honor, by definition, every member of the class submitted medical expenses that were accepted by State Farm and paid by State Farm to the maximum of the first level of coverage, such that the legal question of have they triggered the second level of coverage, which is the legal question we brought in this action, is by definition triggered. There is no need for the court to make or the jury to make any inquiry as to the amount of medical expenses, the reasonableness of the medical expenses. I'm having a lot of trouble with that idea, because let's say they paid for ten doctor visits that exhausted one policy limit, and now there's another policy and you claim a class member has a right to draw on that. It would be like additional or other doctor visits that would be, in some cases, using that up. How can you decide this without knowing what their claims are? Because the medical expenses have already been submitted to the maximum level. We don't have to look at additional medical expenses. State Farm got all the medical expenses and said we're only paying $5,000. Now you're exhausted. What if they only had $5,000 of claims? There isn't anybody that only had $5,000 of claims. Well, you're saying that, isn't that a question of evidence? Theoretically, Your Honor. Not theoretically, I mean in terms of what the district court said, he was going to have to decide here. By the class definition, every class member exceeded the first level of coverage. And so if there's somebody that hit right on the line, they're not in the class. So, Your Honor, it's really a declaratory judgment action of coverage. That's what we want to determine, that these people are entitled to coverage. That's a declaratory ruling on the meaning of a contract, which a party is entitled to, in advance. Also, under Montana law, the Unfair Trade Settlement Practices Act, there are, independent of any claim, and amounts of claim, there is a duty of insurance companies to accurately represent coverages. We contend that State Farm breached that duty. State Farm did not accurately represent coverages. That's a violation of law. And these claimants are entitled to have that vindicated. What State Farm has done, after receiving over $5,000 in medical expenses, they've told every member of the class, your coverages are exhausted. And that's where these people stand. And before we brought this action, Your Honor, my co-counsel wrote to the Montana Insurance Commissioner and said, you can't do that under the Ruckdashel decision. The Montana Insurance Commissioner wrote to State Farm saying, identify all of your Montana insurers and apply the Ruckdashel decision. That has not happened for any member of the class. We're seeking a declaratory ruling that that must happen. We're not seeking an adjudication of the amounts of claims. The claim process will begin after the relief in this lawsuit is obtained. Doesn't the district court have to give a judgment? The judgment would be a declaratory ruling, Your Honor. In addition to a declaratory ruling, the specific relief we seek. Doesn't the declaratory ruling have to say that class members are entitled to something under these policies? They are entitled to coverage. But they're not entitled to coverage if they don't have actual medical expenses that were caused by a covered incident. By definition, in the class, everyone does. There need be no factual inquiry into the amount. There just needs to be an order. Since State Farm won't follow what the Montana Insurance Commissioner said, we need the court to say you must identify those insureds, tell them that their coverage is not exhausted, make those coverages available. That's the relief we seek. We carefully designed the lawsuit to stay out of any claim issue. Presumably, we're giving State Farm the benefit of the doubt here. Presumably, they will correctly adjust and apply those standards of reasonableness and causation once they have applied coverage. But the issue is coverage. It's a deck action about coverage and an action to enforce coverages. In addition to a declaration of the coverages under the contract, it's also a declaration of the duty under Montana law to advise insurers of what their coverage is. And that, again, is an independent duty. The insurance company may not misrepresent insurance policy provisions relating to coverages and must affirm or deny coverages of the claims within a reasonable time. That's what our case is all about. Wasn't part of your request for an order requiring State Farm to pay with interest all reasonable medical expenses covered under the stackable policies? Yes. We seek an order directing them to adjust claims and pay. That's the policy language, to pay the reasonable medical expenses. It does not. The order wouldn't, in your conception, this class would be certified, you'd go to final judgment, and you'd have an order that they'd pay to the class members reasonable medical expenses covered under stackable policies, but without any provision of what those were? Exactly. That's what deck actions do all the time. They say you must extend the coverage. Then they go on, and there may be a dispute that arises later. In a different case? That would be a different case. It's not raised in this lawsuit. Nor could it be raised. Did the district court share your view of this? Well, I hope the court shares my view of it. This is the district court. I thought that I can't find it. I was looking through the order. But I thought that the district court made clear at some point that it thought it would have to determine what the damages were for all class members. I also, Your Honor, I recall that the court had like one sentence in there about a need to do that, and it's unclear to me what the judge is thinking there, because that's not. He says after a potential, now maybe this is it, after a potential declaratory ruling, for each individual in the class and for punitive damage claims would necessarily ensue. So it seems that the district court, even if you're not contemplating it, that the district court's order in certifying the class is contemplating that there's going to be fact-finding for each individual in the class and for punitive damages. I think that that sentence does suggest that. But it can't be. That's not the relief we're seeking. It's not the nature of our case. And you need look no further than the prayer, which are paragraphs 11 through 20 of our prayer, to see what we're asking for. And we're not asking for that. I think your prayer is ambiguous, at least, at the very least. Doesn't it ask for an order requiring State Farm to pay all medical expenses that are covered by the policies? It does. Doesn't it have the words pay in it? Certainly, an order to pay. Wouldn't the judge's reading of that be like an ordinary reading of plain language, that if you're asking your class seeks an order requiring the insurance company to pay, that that means that you would need this individual determination if the class members are owed some? Like in any deck action, Your Honor, the court would issue an order saying this insurance policy provides coverage, and under it, the insurance company must adjust the claims and make payments according to the terms of the policy. That's an appropriate declaratory ruling, to declare the meaning and interpretation of the policy in order that it be applies. But to go into what is a reasonable expense, and have you done that when the adjustment process hasn't even begun, would be premature. It may well be that a judge may be, in the sentence you've referenced, focusing on the fact that eventually that has to happen, and of course it does. But this is a deck action, and there has to be room to bring deck actions, and the issue is raised for all of these Montana insurers. So if you had just asked for declaratory relief only, you could have gotten a class certified under B-2, perhaps for that, if you met the other requirements of under 23A, if you were seeking only declaratory and injunctive relief. But the reason the court rejected the B-2 certification was because you had requests for damages that are more than incidental. I don't see how you can go into that in your complaint and get the class certified on that basis, and then on appeal argue that no damages are being claimed. I can't see how the judge could have reached that conclusion based on the argument that we made to him. Perhaps, Your Honor, what the judge did was, in addition to declaratory judgment, we are seeking punitive damages, and punitive damages, to some extent, raises the question, as in the argument that you addressed previously, about are there actual damages? Well, yeah. You can't get punitive damages for a person who doesn't have more than $5,000 medical expense and has no actual damages. Yes. And our answer to that is that the damage that we're basing our claim on is the withdrawal of coverage. That's the damage. And I think that the district court may have misconstrued that. I think I've taken you over your time with my questions, but I appreciate it. Thank you, Your Honor. Mr. Ginello, I think you left yourself maybe two minutes or three minutes, but maybe the court recalls over here. I'll try to be brief, Your Honor. First, I think it's important that we go to the complaint itself to see what claims are pled on behalf of the class, not Ms. Verbo herself, but on behalf of the class. The first class claim, this is on page 9 of the complaint, is for breach of the insurance contract. It says that State Farm breached the contract for every class member. And the relief that that claim requests is, and I'm quoting paragraph 62, as a direct and proximate result thereof, plaintiff and the class members sustained the damages alleged herein. That's a claim for money damage. That is not a claim for declaratory relief. In their prayer for relief on page 13, paragraph 13 on page 12, they claim that they seek a declaratory ruling that defendant breached insurance contracts by failing and or refusing to pay reasonable medical expenses incurred under the stackable coverages, that we didn't pay the expenses we owed. That, again, brings into play all of these individual issues, as I've outlined, exists in Ms. Verbo's individual claim and will exist in many of the other class members' claims. This court in McDonnell Douglas made very clear that you cannot recharacterize your claim. When you want money, you want money. That's not a claim for declaratory injunctive relief. That's a claim for monetary damages, and it will not support a B-2 class action. They also ask for, in paragraph 17 of the prayer for relief on behalf of the class, that State Farm being joined to make payment of all reasonable medical expenses covered under such stackable policy coverages together with interest thereon. Under McDonnell, in this circuit, and all cases with which I am familiar, that is a claim for money damages. Certainly a claim for prejudgment interest presupposes a resolution of a compensatory damage number, because that's the basis for prejudgment interest. It wasn't until the end that Mr. McGarvey addressed punitive damages, but, of course, punitive damages themselves are a claim for monetary damages. They're not incidental. It's Ms. Verbo herself is claiming just for herself, not for the class, $2.5 million in punitive damages. So, clearly, they are seeking punitive damages, all kinds of monetary relief. Your Honor briefly referred to the Campbell v. State Farm case by the U.S. Supreme Court just a few months ago, which, as the court has done many times, says there has to be a reasonable relationship between punitive damages and compensatory damages. And if you don't calculate compensatory damages, you can't determine if there is a reasonable relationship. One last point on whether Ms. Verbo is in the class, if the Montana Supreme Court rules against her. The class is only people with stackable claims. That, if she, if the Montana Supreme Court rules our way, she does not have a stackable claim. And, by the way, if they rule our way, the court does lose jurisdiction, as Your Honor pointed out. There are no individual claims left for Ms. Verbo to pursue, because our 12B6 motion covers all of her claims. If my time is up. I appreciate the argument on both sides, and the case will be submitted. Thank you.
judges: Lay , Goodwin, Gould